# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2625

MATTHEW KANAPESKY,
Appellant

v.

TOWNSHIP OF EAST BRANDYWINE; LUKE REVEN, in his capacity as Manager Township East Brandywine; MARK D. KOSCI, in his capacity as Chief of Police Township of East Brandywine; DANIEL ORRIS, in his capacity as former Detective Township of East Brandywine

―――――――――――――――――――

Appeal from the U.S. District Court, E.D. Pa.
Judge Gerald J. Pappert, No. 2:24-cv-06520

Before: RESTREPO, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Jun. 12, 2026; Decided Jun. 15, 2026

―――――――――――――――――――

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*.  Plaintiff Matthew Kanapesky alleged that the Township of East Brandywine violated his civil rights.  The District Court dismissed the federal claims in Plaintiff's Second Amended Complaint with prejudice and declined to exercise supplemental jurisdiction over the remaining state-law claim.  We will affirm.

**I.**

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.  Plaintiff's allegations evolved over the course of the litigation.

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

Ultimately, the case centered on an incident involving Plaintiff and an alleged trespassing fisherman near Brandywine Creek. Plaintiff took the fisherman's tacklebox and discarded it. Plaintiff also called 911, but the responding officers did not arrest or charge the fisherman. Following a testy interaction the next day between Plaintiff and an officer, the police issued Plaintiff a summons on the theory that he had stolen the fisherman's tacklebox. The criminal charges resulting from the summons were later dismissed.

The focus of this appeal is Plaintiff's § 1983 claims against the Township based on alleged violations of the First, Fourth, and Fourteenth Amendments. The operative pleading, styled as the Second Amended Complaint, was Plaintiff's third attempt to survive a Rule 12(b)(6) motion. The District Court dismissed the federal claims in the Second Amended Complaint with prejudice. Plaintiff timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review dismissal orders de novo and denials of leave to amend for abuse of discretion. *Doe v. Princeton Univ.*, 30 F.4th 335, 341 (3d Cir. 2022); *In re Allergan ERISA Litig.*, 975 F.3d 348, 356 n.13 (3d Cir. 2020).[1]

## III.

The District Court correctly pointed out that Plaintiff had limited options for establishing the liability of a municipal defendant like the Township. Specifically, Plaintiff was required to plausibly allege that any injuries were proximately caused by either (1) an

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

unconstitutional policy or custom maintained by the Township, or (2) the Township's deliberate indifference to his constitutional rights. *See Hightower v. City of Philadelphia*, 130 F.4th 352, 356 (3d Cir. 2025). He did neither.

On appeal, Plaintiff contends that he adequately alleged that the Township maintained an unconstitutional "navigable waterway policy" that permitted trespassers to traverse his property illegally via Brandywine Creek. Br. 22. The only non-conclusory allegation in the Second Amended Complaint relating to that issue indicates that the fisherman who drew Plaintiff's ire told the police that the Creek was a "navigable waterway." A34; A129. Plaintiff cites no authority for the proposition that a single private party's views are sufficient to establish a municipality's policy, and we are aware of none. *See Hightower*, 130 F.4th at 356-57. The Creek-related actions that Plaintiff attributed to the police and other municipal actors in the Second Amended Complaint were not "persistent and widespread" enough to establish a custom either. *Id.* at 356. And because Plaintiff's allegations did not reflect a "pattern of similar constitutional violations," the Second Amended Complaint was also insufficient to proceed on a deliberate-indifference theory. *Id.* at 357.

The District Court did not abuse its discretion by dismissing Plaintiff's federal claims with prejudice. The District Court had already accepted two amended pleadings, and Plaintiff has not provided any meritorious reason for us to doubt the court's conclusion that further amendment would have been futile. See *In re Allergan ERISA Litig.*, 975 F.3d at 356 n.13. Accordingly, we will affirm.

3